**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greenwich Investment Management Incorporated,<br><br>   Plaintiff,<br><br>v.<br><br>Aegis Capital Corporation, et al.,<br><br>   Defendants. | No. CV-22-00129-PHX-MTL<br><br>**ORDER** |

**I.**

Plaintiff Greenwich Investment Management Incorporated ("GIM") moves to strike Defendants Municipal Capital Markets Group Inc.'s and Aegis Capital Corporation's (collectively, "Defendants") Notices of Non-Parties at Fault. (Docs. 45, 46.) GIM sued Defendants for allegedly making untrue statements of material fact and failing to state material facts in their capacity as underwriters for a 2019 bond offering. (Doc. 1 ¶ 7.) GIM's Complaint asserts claims of common law fraud and negligent misrepresentation as well as violations of the Arizona Securities Act, the Connecticut Securities Act ("CSA"), and the Texas Securities Act ("TSA"). (*Id.* ¶¶ 124-157.) While Defendants maintain that GIM's claims are unfounded, each filed a Notice of Non-Parties at Fault naming multiple individuals and entities that should bear fault and be apportioned their share of liability should GIM ultimately prevail on its claims. (Docs. 42, 44.) GIM moves to strike these notices on the grounds that Defendants presumably filed them under Arizona's Uniform Contribution Among Tortfeasor's Act ("UCATA"), which GIM maintains has no bearing

to its claims under the CSA or TSA. (Doc. 46 at 2.) For the following reasons, the Court denies GIM's motions.*

**II.**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions serve "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). But motions to strike are disfavored because they seek a drastic remedy and are often used as a delaying tactic. *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV-08-1467-PHX-ROS, 2009 WL 2382998, at *1 (D. Ariz. Aug. 4, 2009). And motions to strike "are not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Patterson v. Two Fingers LLC*, No. CV-15-00494-PHX-NVW, 2015 WL 2345658, at *3 (D. Ariz. May 15, 2015) (citation omitted). "As such, even when a motion to strike an insufficient defense is 'technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.'" *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2019 WL 6065782, at *1 (D. Ariz. Nov. 15, 2019) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 n.34 (3d ed. 2019)).

**III.**

GIM maintains that while UCATA "may ostensibly apply to [its] claims for common law fraud and negligent misrepresentation, it has no bearing [on its] claims under the CSA or TSA." (Doc. 46 at 2.) GIM expends significant effort in evaluating the legislative intent behind UCATA and the statutory scheme underlying the CSA and TSA. But GIM's arguments are premature. The Court is disinclined to grant GIM's motions at this early stage in the litigation process. And, at this stage, the Court will not take up what

---

* The parties have submitted legal memoranda, and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

appears to be GIM's offer to engage in an in-depth evaluation of a substantial legal issue, namely the extent and apportionment of Defendants' potential liability. *See Whittlestone*, 618 F.3d at 973 (reasoning that "courts may not resolve disputed and substantial factual or legal issues in deciding . . . a motion to strike") (internal marks omitted).

The Court is unconvinced that UCATA's liability apportionment regime will have no possible bearing on the subject matter of the litigation. Similarly, the Court finds that the denial of the motions would not result in any prejudice to GIM. *See BBK Tobacco & Foods LLP*, 2019 WL 6065782, at *1 (explaining that "[p]rejudice can be found 'where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters'") (quoting *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014)). Indeed, far from raising frivolous matters, Defendants' arguments in support of their Notices of Non-Parties at Fault provide meaningful context to the application of UCATA to GIM's claims. And viewing the Notices of Non-Parties at Fault in the light most favorable to Defendants, the Court cannot conclude that the potential apportionment of liability under UCATA is clearly impertinent, immaterial, or insufficient as a matter of law. *See Patterson*, 2015 WL 2345658, at *3 (providing that "when a court considers a motion to strike, it 'must view the pleading in a light most favorable to the pleading party'") (quoting *Kosta v. Del Monte Corp.*, No. 12-CV-01722-YGR, 2013 WL 2147413, at *4 (N.D. Cal. May 15, 2013)).

Without reaching an ultimate determination as to the extent and apportionment of Defendants' potential fault or the application of UCATA to GIM's claims under the CSA and TSA, the Court finds that this matter will likely bear on the subject of the litigation and is therefore far from meeting the level of frivolity generally required to grant a Rule 12(f) motion. GIM is free to raise its arguments against the application of UCATA to Defendants' potential liability through appropriate means as this litigation progresses, such as in a dispositive motion.

IV.

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion to Strike Defendant Municipal Capital Markets Group, Inc.'s Notice of Non-Parties at Fault (Doc. 45).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Strike Defendant Aegis Capital Corp.'s Notice of Non-Parties at Fault (Doc. 46).

**IT IS FINALLY ORDERED** that this Order is without prejudice to Plaintiff's ability to assert its arguments later in this litigation.

Dated this 23rd day of March, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge