**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greenwich    Investment    Management Incorporated, | No. CV-22-00129-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Aegis Capital Corporation, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Greenwich Investment Management Inc.'s Motion to Alter or Amend Judgment (Doc. 152, Mot.), to which Defendants Aegis Capital Corp. and Municipal Capital Markets Group, Inc. filed a Response (Doc. 153, Resp.) and Plaintiff filed a Reply (Doc. 155, Reply). The Court finds it appropriate to resolve the Motion without oral argument. LRCiv 7.2(f).

In an Order (Doc. 141) and Judgment (Doc. 142), the Court dismissed Plaintiff's claims in this action for lack of subject matter jurisdiction. The Court found Plaintiff lacked constitutional standing to bring its claims because it had no legal title to, or proprietary interest in, its claims—and thus suffered no injury-in-fact—when it filed the Complaint. (Doc. 141 at 8–9 (citing, *inter alia*, *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008)).) The Court also denied Plaintiff's request to amend the Complaint under Federal Rule of Civil Procedure 15(a). Although the Court observed that case law supported the proposition that the Court could construe Plaintiff's request to amend as a request to supplement under Rule 15(d), the Court found that Plaintiff

1    engaged "at least in dilatory tactics by concealing the lack of a basis" for Plaintiff's injury-
2    in-fact and that, as a result, Defendants suffered undue prejudice, rendering leave to amend
3    the Complaint inappropriate in this instance. (Doc. 141 at 13–14.)

4    Plaintiff now asks the Court to amend or alter the judgment under Federal Rule of
5    Civil Procedure 59(e). "Amending a judgment after its entry remains 'an extraordinary
6    remedy which should be used sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111
7    (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).
8    "Since specific grounds for a motion to amend or alter are not listed in the rule, the district
9    court enjoys considerable discretion in granting or denying the motion." *Id.* Nonetheless,
10   the Ninth Circuit has defined several grounds on which a Rule 59(e) motion may be
11   granted:

12   (1) if such motion is necessary to correct manifest errors of law or fact upon
     which the judgment rests; (2) if such motion is necessary to present newly
13   discovered or previously unavailable evidence; (3) if such motion is
     necessary to prevent manifest injustice; or (4) if the amendment is justified
14   by an intervening change in controlling law.

15   *Id.*

16   Plaintiff contends the Court's ruling in its prior Order was clearly erroneous and
17   manifestly unjust. (Mot. at 1.) Specifically, Plaintiff argues that (1) the undersigned's
18   ruling was inconsistent with comments made by the judge previously assigned to this
19   matter, District Judge Michael T. Liburdi, "foreshadowing" an authorization for Plaintiff
20   to "amend" its Complaint; and (2) Plaintiff did not have the opportunity to respond to
21   "Defendants' overstated claims of prejudice." (Mot. at 1.)

22   As the Court set forth in its prior Order (Doc. 141), in the Complaint, filed
23   January 24, 2022, Plaintiff—an investment adviser—alleged that it purchased all the
24   municipal bonds (forming the basis of its claims) at the initial issuance, "some for its own
25   account and some for its clients." (Doc. 1, Compl. ¶ 32.) It is this alleged purchase on its
26   own behalf at the initial issuance that appeared to be the basis of Plaintiff's standing to
27   bring claims for damages subsequently suffered. But as Defendants have shown and the
28   Court found, Plaintiff purchased no bonds for its own account at the initial issuance, and

1    the allegation in the Complaint forming the basis of Plaintiff's injury-in-fact in this matter

2    was false. (Doc. 141.) To misallege the fact on which standing depends was more than just

3    what Plaintiff characterizes as "inartful pleading."

4           Plaintiff now argues that it "never asserted that it purchased bonds for itself during

5    the initial offering." (Mot. at 12.) That is simply untrue, as it is contradicted by Plaintiff's

6    own allegations in the Complaint—the very place Plaintiff is obligated to plead facts

7    sufficient to demonstrate its standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)

8    (stating that, at the pleading stage, "the plaintiff must 'clearly allege facts demonstrating'

9    each element" of constitutional standing (quoting *Warth v. Seldin*, 422 U.S. 490, 518

10   (1975)). In any event, construing the allegation in the Complaint to mean Plaintiff bought

11   two bonds on the secondary market *after* Defendant Harvest Gold Silica, Inc. ("HGS") was

12   declared insolvent—as Plaintiff suggests—would not have demonstrated Plaintiff's injury-

13   in-fact, because the alleged damage to those who purchased bonds at the initial offering

14   was already suffered. At bottom, Plaintiff only asked to "amend" the Complaint to allege

15   substantiated facts going to its standing on August 11, 2023—almost a year after the

16   deadline to amend set forth in the Scheduling Order (Doc. 29)—in response to Defendants'

17   Motion to Dismiss. (Doc. 109.) The facts surrounding this procedural history form the

18   foundation of the Court's finding that Plaintiff engaged "at least in dilatory tactics by

19   concealing the lack of a basis" for Plaintiff's injury-in-fact.

20          Plaintiff bases much of its present motion on the notion that its efforts to allege facts

21   sufficient to demonstrate injury-in-fact depended on how and when Defendants raised the

22   issue of standing. (*E.g.*, Mot. at 13.) But the burden was not on Defendants to show Plaintiff

23   lacked standing; the burden was always on Plaintiff to bring claims only if it had suffered

24   an injury-in-fact. *See Spokeo*, 578 U.S. at 338. In other words, as the Court stated *supra*

25   and in its prior Order (Doc. 141), for the Court to have subject matter jurisdiction over

26   Plaintiff's claims in the Complaint, Plaintiff must have suffered an injury-in-fact at the

27   time it filed the Complaint. It misled Defendants and the Court by way of its allegations in

28   the Complaint, and its subsequent, and tardy, effort to "obtain" standing and "amend" the

1   Complaint would have changed the complexion of this case 20 months after the Complaint

2   was filed.

3          The Court has reviewed Plaintiff's submittal of the record of Judge Liburdi's

4   statements in a July 10, 2023 hearing. (Mot. at 6 & Ex. 1.) The statements reveal that Judge

5   Liburdi neither granted leave to "amend" nor evaluated the factors pertinent to such a

6   request, and any reliance by Plaintiff on what it now terms "foreshadowing" was

7   misplaced.

8          Under *Foman v. Davis,* 371 U.S. 178, 182 (1962), the Court has also reviewed the

9   competing arguments regarding prejudice that Defendant would suffer if the Court had

10   allowed this case to go forward. The Court does not find it erred in its prior Order

11   (Doc. 141) in crediting Defendants' assertions that they have already expended substantial

12   resources in this case, including in discovery, based on the mistaken belief arising from

13   Plaintiff's allegations in the Complaint that Plaintiff suffered damages after it purchased

14   bonds for its own account on the initial offering. The Court also credits Defendants'

15   assertions that, based on what would be the new complexion of this case, they would need

16   to conduct substantial additional discovery and engage in associated motion practice "to

17   assess the validity of the assignments Plaintiff has sought to obtain, whether they were

18   obtained freely and fairly from current/former clients with adequate disclosure of the

19   circumstances, whether consideration was given for those assignments, and whether

20   Plaintiff may properly sue on behalf of the client-assignors." (Doc. 140 at 5; *see also* Resp.

21   at 13–14.) This includes discovery as to whether the client-assignors "purchased bonds in

22   connection with the offering in July 2019, as opposed to in secondary market transactions,

23   and whether Plaintiff has valid assignments for all of them." (Doc. 140 at 6; *see also* Resp.

24   at 13–14.)

25          In sum, Plaintiff has not satisfactorily demonstrated that the Court should alter or

26   amend its Order (Doc. 141) or Judgment (Doc. 142) under Rule 59(e).

27   . . .

28   . . .

- 4 -

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Alter or Amend Judgment (Doc. 152). This matter remains closed.

Dated this 23rd day of October, 2024.

Honorable John J. Tuchi
United States District Judge